IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DIST. COURT
DISTRICT OF NEW MEXICO

05 MAY 10 PM 3:53

ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

STANFORD PAUL CHAVEZ, JR.,

    Defendant-Movant.

CIV 04-1430 BB/KBM
CR 03-2035 BB

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Stanford Paul Chavez, Jr. is an American Indian who is an enrolled member of the Pueblo of Laguna. After a night of drinking in February 2003, he stabbed and murdered his friend Gilbert Concho, Jr, an enrolled member of the Pueblo of Acoma. At the time of the murder, both men were residing at the Acoma Pueblo and the murder took place within its boundaries. The United States charged Defendant with murder. Chavez pleaded guilty to second degree murder and was sentenced to 132 months imprisonment.

This matter is before the Court on Defendant's *pro se* and timely filed "Petition for Writ of Habeas Corpus and Motion to Vacate, Set Aside and Vacate Sentence" pursuant to 28 U.S.C. § 2255 (hereinafter "*§ 2255 Petition*"). *Doc. 1*. Chavez also filed a motion to amend to raise a claim that the "indictment" was improperly "amended." *See Doc. 8.* Because the United States addresses this claim on the merits, I recommend that Defendant's motion to amend be granted. *See Doc. 10* at 3.



The issues are straightforward and the briefs submitted by both parties are well-written, researched, and documented. Having considered the arguments, pleadings, and relevant law, and generally for the reasons set forth in the United States' response, which I incorporate herein by reference, I find the § 2255 petition is not well-taken and recommend that it be denied. I will not reiterate in detail what the parties have presented and instead will confine my remarks to set forth additional observations. Chavez's motion requests an evidentiary hearing but, because it is possible to resolve the issues on the pleadings and the record establishes conclusively that he is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., Doc. 1* at 14; *§ 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

The Acoma Police Department notified the Bureau of Indian Affairs and the Federal Bureau of Investigation of the murder, and those organizations conducted an investigation. *See Doc. 10,* attachment (sealed Presentence Investigation Report).[1] Defendant confessed, and the United States filed a complaint charging him with murder in violation of 18 U.S.C. § 1111(a). *See United States v. Chavez,* CR 03-2035 (Doc. 1). Represented by Assistant Federal Public Defender Roger Finzel, Chavez waived his right to a grand jury, and pleaded guilty to an information charging him with second-degree murder in violation of 18 U.S.C. §§1111 (a), (b) and 1153. *See, e.g., id.* (Docs. 13, 15-17; Transcript of Plea Hearing 10/16/03 at 3-5 [hereinafter "*Plea*"]).

Section 1111 defines murder and the penalties for first and second degree murder. *See* 18

---

[1] Defendant attached some pages from the PSR to his § 2255 petition and they are not sealed. *See Doc. 1,* attachments.

2

U.S.C. §§ 1111 (a), (b). Section 1153 provides that "[a]ny Indian who commits [murder] against . . . another Indian . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing [murder] within the exclusive jurisdiction of the United States." *Id.*, § 1153(a). During the criminal proceedings, there was no dispute that Defendant and his victim are "Indians" within the meaning of the statute or that Defendant murdered his friend. Likewise, it was undisputed that the murder occurred within the boundaries of Acoma Pueblo thereby qualifying as "Indian country" within the meaning of the statute. *E.g., United States v. Chavez*, CR 03-2035 (Docs. 16, 13); *Plea* at 8, 13-19.

In this § 2255 proceeding, Chavez's claims overlap and are presented in a somewhat disjointed fashion. The bulk of his claims center around his status as a Laguna Pueblo member and his conclusion that only the State of New Mexico could have prosecuted him for this crime. None of his claims are availing, however.

Chavez is a United States citizen by virtue of being "a person born in the United States to a member of an Indian . . . tribe." 8 U.S.C. § 1401(b). He contends that this provision unconstitutionally conferred citizenship upon him because he "never gave his consent nor went before the proper courts and asked for dual citizenship." *Doc. 1* a 12. Such challenges have been firmly rejected. *See Goodluck v. Apache County*, 417 F. Supp. 13, 15-16 (D. Ariz.), *aff'd mem. sub nom. Apache County v. United States*, 429 U.S. 876 (1976). Furthermore, once United States citizenship is so conferred, it expires only if the citizen revokes or renounces that status, which Chavez has not done. *E.g., Davis v. District Dir., Immigration & Naturalization Serv.*, 481 F. Supp. 1178, 1181-83 (D.D.C. 1979).

Chavez also asserts that because he is not an enrolled member of the Pueblo of Acoma,

3

that tribe had no authority to exercise criminal jurisdiction over him or to "hand [him] over to the United States." *Doc. 1.* at 3; *see also id.* at 4-6, 9. The proposition that his Laguna Pueblo enrollment status rendered the Acoma Pueblo unable to prosecute him is debatable. *See, e.g.,* John E. Theuman, J.D., Annotation, *Validity of Federal Prosecution Subsequent to Tribal Court Prosecution,* 190 A.L.R. Fed. 625 (2003 - 2004). Nevertheless, Defendant's assertions are based on an inaccurate characterization of the facts. Acoma Pueblo authorities did not pursue the matter or take custody of Defendant. Rather, they were the first responders following the report of a murder. They notified the BIA and the FBI, which were the agencies that performed the investigation. Thereafter, federal authorities arrested Defendant. *See United States v. Chavez,* CR 03-2035 (Doc.1 and affidavit thereto); *PSR* at 3-4. Acoma Pueblo was simply the place where he was arrested.

In a twist on this argument, Chavez maintains that he cannot be characterized as an "Indian" for the purposes of this prosecution because he is a member of the Laguna Pueblo and the victim was from a different tribe. *See Doc. 1* at 10. As the United States points out, this claim is spurious, given that there is no question Defendant is an Indian and the certificate of enrollment he attached to his § 2255 petition so shows. Furthermore, his contention that § 1153 only applies to enrolled members of the same tribe is based on a misreading of the Tenth Circuit decision in *United States v. Prentiss,* 256 F.3d 971 (10th Cir. 2001) (en banc). The statute, by its terms, is not limited to crimes committed against a member of the same tribe.

Chavez also contends that § 1153 is unconstitutional because, by conferring to the United States jurisdiction over "Indians" who commit murder in Indian territory, the statute is based on race, and thus is discriminatory and deprives tribes of their sovereignty. *See Doc. 1* at 7-9.

4

However, it is settled that because Congress

> "has . . . constitutional power to prescribe a criminal code applicable in Indian country," . . . federal criminal jurisdiction is somewhat broader. Congress may establish federal crimes that may be prosecuted against citizens throughout the nation, including Indian country. Alternatively, it may create crimes that proscribe only particular conduct occurring within Indian country.

*Prentiss*, 256 F.3d at 974 (quoting *United States v. Antelope*, 430 U.S. 641, 648 (1977)). "In *Antelope*, the Supreme Court [specifically] rejected the argument that § 1153 was based upon an impermissible racial classification." *United States v. Broncheau*, 597 F.2d 1260 (9th Cir.), *cert. denied*, 444 U.S. 859 (1979); *see also* Doc. 10 (attached *Sutton* decision from the Tenth Circuit). Therefore, Defendant's constitutional claims are without merit, as is his related claim that because of the alleged constitutional infirmities, this Court had no jurisdiction over the criminal matter and his attorney was ineffective for failing to raise these arguments. *See* Doc. 1 at 7-8, 11; Doc. 10 at 3-8 (and attached unreported cases).

Finally, in his motion to amend, Defendant asserts that the United States impermissibly "amended" his "indictment" because it did not submit the charges to the grand jury. *See* Doc. 8. This claim is also based on a mischaracterization of the facts – Defendant pleaded guilty to an information after waiving his right to a grand jury. If he is suggesting that it was impermissible to add § 1153 to the § 1111 charge mentioned in the criminal complaint, the claim is likewise without merit. Under the rules, felonies must be prosecuted either by indictment or by information if defendant knowingly and voluntarily waives prosecution by indictment in open court. *See* FED. R. CRIM. P. 7(a) & (b). Citation errors in which provision defendant violated cannot form the basis to dismiss an information or to reverse a conviction unless defendant was

misled and prejudiced. FED. R. CIV. P. 7(c)(3). It is plain from the affidavit supporting the complaint, Defendant's confession, plea agreement, and the plea transcript, that the charges concerned one American Indian who murdered another American Indian on the Indian land where they were residing. Contrary to Chavez' position, the citation to § 1153 in the information did not change the nature of the crime with which he was charged.[2]

Wherefore,

**IT IS HEREBY RECOMMENDED** that Chavez's motion to amend *(Doc. 8)* be granted and his § 2255 petition *(Doc. 1)* be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

                                               */s/ Karen B. Molzen*
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] *C.f., United States v. Romero*, 1995 WL 216912 (10th Cir. 1995) (defendant filed a motion to dismiss the federal "indictment on the ground the underlying conviction supporting the charges was not a felony under California law;" state court proceedings were commenced by complaint charging a misdemeanor, which was interlineated so that "the word misdemeanor was replaced by the word felony" but "[t]wo days later, a superceding information was filed . . . . This document unequivocally charges a felony violation. Without an apparent contest over the validity of the superceding information or its filing, Mr. Romero pled guilty to the charge it contained." The Tenth Circuit reversed this district's dismissal of the federal indictment stating that "the arguments presented in this case, while interesting, are wholly academic. The simple fact is Mr. Romero pled guilty to an information charging him with a felony. At the time of his plea, the problematic complaint and whether it charged a misdemeanor or a felony and whether it had been properly amended simply dropped from the picture and ceased to exist.").

6